Pooler v. Anheuser-Busch          CV-95-301-B    11/28/95 .P

UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


Bruce Pooler

     v.                                    Civil No. 95-301-B

Anheuser-Busch Recycling Corp.


_____ O R D E R


     Bruce Pooler asserts claims against Anheuser-Busch Recycling
Corporation based on the Americans with Disabilities Act, 42
U.S.C.A. § 12101 et. seq. (West 1995) ("ADA"), and New
Hampshire's law of wrongful discharge.  Anheuser-Busch has moved
to dismiss both claims.  For the reasons that follow, I deny the
motion.

     Anheuser-Busch first argues that Pooler's claims must be
dismissed because he failed to take advantage of the grievance
procedures required by his union's collective bargaining
agreement ("CBA").  In making this argument, Anheuser-Busch
relies on Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S.
20 (1991), which recognized that an agreement to arbitrate an age
discrimination claim is enforceable under the Federal Arbitration

Act, 9 U.S.C.A. § 1 et seq. (West 1970 & Supp. 1995). Pooler disagrees and argues that the issue is controlled by Alexander v. Gardner-Denver Company, 415 U.S. 36 (1974), which held that a discharged employee may assert a Title VII claim in court even though the facts giving rise to the claim also formed the basis for a grievance under the employee's collective bargaining agreement.

Although the results in Gilmer and Alexander differ, the two decisions are not inconsistent. In Gilmer, the agreement to arbitrate governed both claims based on the agreement itself and independent statutory claims. Gilmer, 500 U.S. at 35. In contrast, the collective bargaining agreement in Alexander required the parties to use the agreement's grievance procedures only to resolve claims based on the agreement. Id. In this case, I agree with Pooler that the CBA only requires employees to arbitrate claims that are based on the agreement itself. Accordingly, I conclude that the CBA does not bar Pooler's claims.

Anheuser-Busch next argues that Pooler's claims should be dismissed to the extent that they are based upon the CBA. However, since Pooler does not base either of his claims on the CBA, I reject this argument as well.

2

Finally, Anheuser-Busch argues that Pooler's wrongful termination claim is defective for several reasons. Notwithstanding defendant's argument to the contrary, New Hampshire law does not bar contract employees from asserting wrongful termination claims. As the cases cited by the defendant note, an implied duty of good faith and fair dealing exists in every New Hampshire contract. See <u>Cloutier v. Great Atl. & Pac. Tea Co.</u>, 121 N.H. 915, 920 (1981). Since the CBA does not contain any language that purports to disclaim Anheuser-Bush's duty to deal with its employees in good faith, Pooler is not barred from asserting a wrongful termination claim simply because he is a contract employee. I also reject Anheuser-Bush's argument that Pooler's claim is defective because it fails to allege that his firing resulted from either performing an act that public policy would encourage or failing to perform an act that public policy would condemn. See, e.g., <u>Cloutier</u>, 121 N.H. at 921-22 (1981). Pooler alleges that he was discharged in part because he asserted his right to apply for workmen's compensation. This assertion is sufficient to satisfy the public policy component of a wrongful discharge claim.

The defendant's motion to dismiss (document no. 5) is denied.

SO ORDERED.

 
 
 
 
 
 
                             _____
                             Paul Barbadoro
                             United States District Judge

November 28, 1995

cc:  Charla B. Labbe, Esq.
     Edward Shumaker, III, Esq.